## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO MODIFY** |
| | ) | **DETENTION ORDER** |
| vs. | ) | |
| | ) | |
| Elyssa Eloise Lingle, | ) | Case No. 1:18-cr-124 |
| | ) | |
| Defendant. | ) | |

The court previously ordered defendant detained pending a final hearing on a petition for revocation of supervised release. (Doc. No. 187). On September 2, 2021, defendant filed a motion to modify the order of detention. (Doc. No. 188). She has been accepted into an inpatient treatment program at Circle Tree Ranch in Tucson, Arizona, and is in the process of finalizing her travel arrangements. She anticipates that she will be able to book passage on a flight departing from Bismarck in the afternoon on September 3, 2021. She requests to be released on September 3, 2021, so that she can travel to and participate in Circle Tree Ranch's treatment program.

There being no objection from the United States, the court **GRANTS** defendant's motion (Doc. No. 188). Defendant shall be released from custody no earlier than 2:00 PM CDT on September 3, 2021, with the understanding that she shall immediately report to the Bismarck airport, from where she will fly to Arizona. Upon arriving in Arizona, defendant shall immediately report to Circle Tree Ranch's facility in Tucson, Arizona. While on release, defendant shall comply with the following conditions:

    (1)    Defendant shall not violate federal, state, tribal, or local law while on release.

    (2)    Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as a positive test.

(4) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(5) Defendant shall reside at Circle Tree Ranch, fully participate in its programming, and comply with all of its rules and regulations. Upon her arrival, she shall contact Pretrial Services Officer Travis Dienslake at (701) 297-7249 and therefore report as he directs.

(6) Defendant shall sign all releases of information requested by the Pretrial Services Officer so that her progress and participation in treatment may be monitored.

(7) Upon her discharge from the treatment program, defendant shall immediately return Bismarck, North Dakota, and report to the United States Marshal's office with the understanding that she shall be detained pending further order of the court.

(8) At least four days before her discharge, or upon termination from, the inpatient program, defendant shall provide the court with her travel itinerary back to North Dakota.

Defendant is reminded that, in addition to the conditions set forth above, she remains subject to and

is required to comply with the conditions of supervised release previously imposed by the court. Defendant shall provide the Pretrial Services Office with her travel itinerary to Tucson once it is finalized. In the event defendant is unable to travel to Tucson as anticipated on September 3, 2021, she shall report the United States Marshal's office in Bismarck with the understanding that she shall be detained pending further order of the court.

**IT IS SO ORDERED**.

Dated this 2nd day of September, 2021

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court